### WOOSTER *v.* SIMONSON and others.

*(Circuit Court, S. D. New York.*   May 16, 1884.)

1. PATENTS FOR INVENTIONS—MEASURE OF DAMAGES FOR INFRINGEMENT.
   The amount of an established license fee for the use of a patented invention is a proper measure of damages for the infringement of a patent.
2. SAME—ADDITIONAL EVIDENCE NOT MAKING A NEW CASE.
   Where a case is referred back to a master in chancery to take additional proof, and the proof so taken is on the same subject, it does not make out a new case.
3. SAME—PAROL TESTIMONY OF A LICENSE TO USE PATENT.
   A license for using a patent, and the amount of the fee required, may be shown by parol testimony without varying the written license contracts, the suit not being brought on such contracts and the defendants not being parties to them.

In Equity.

*Frederic H. Betts,* for orator.

*Edmund Wetmore,* for defendants.

WHEELER, J. This case has now been heard on the defendants' exceptions to the second report of the master, made on the reference of the case back to him pursuant to the former decision. *Wooster* v. *Simonson,* 16 FED. REP. 680. The master now reports that the orator's license fee was for the privilege of using guides precisely like those used by the defendants, for which this account of damages is being taken. This is objected to, because it is said that it makes a new case for the orator different from that made by the opening proofs on the former hearing before the master, and that the master had no power to admit proofs of such new case without an order of court, and that the proofs vary the terms of the written contracts by which the license fee was fixed. There is no question made but that the amount of an established license fee for the use of a patented in-

vention is what the patentee loses by the use of the invention in violation of the patent without license, and a proper measure of damages for such infringement. An account of damages for the same infringement was being taken on each occasion when this case was before the master. The orator was on each occasion proving his damages for that infringement. Had he proved a different infringement on the latter occasion from what he did on the former, he would have had a new case. But he did not; the infringing guides used by the defendants were the same subjects of proof all the while. On the former hearing, as the proofs were left, they showed a license fee, and the master reported damages for, a larger use of the patented invention than the defendants were guilty of. The case was referred back to the master, with liberty to the complainant to reopen his proofs. This was, of course, to enable him to make his proof of damages conform to the defendant's infringement. This he accomplished by showing that the license fee was for exactly such use as the defendants had. The amount of the license fee was exactly what the defendants would have to pay for a lawful use of the same extent, and exactly what the orator lost by their use without making the payment. The amount of the license fee for such use of the patented invention as the defendants had, was a question of fact to be proved by any competent evidence. Such licenses are not required to be in writing, neither is the amount of the fee required to be shown by writing. The whole may be shown by parol. The written contracts of license between the orator and others might be evidence between the orator and the defendants; but this suit is not brought upon those licenses; the defendants are not parties to them, and they are not conclusive upon either the defendants or the orator, as they would be upon the parties to them in suits between those parties upon them. 1 Greenl. Ev. § 279. The exceptions by which these objections are raised do not appear to be well founded.

The exceptions are overruled, and the report is accepted and confirmed.